No. 3737

Second Circuit

WALKER v. HUNT

(June 2, 1930. Opinion and Decree.)

Hudson, Potts, Bernstein & Sholars, of Monroe, attorneys for plaintiff, appellant.

Shotwell & Brown, of Monroe, attorneys for defendant, appellee.

WEBB, J. This is an action to recover damages for personal injuries resulting from plaintiff being hit by a motor-truck owned by defendant and being operated at the time of the accident by one of his employees.

Plaintiff alleged, in substance, that on the morning of January 17, 1928, he was driving an automobile south along a public highway when the gasoline was exhausted, and that he stopped the car, got out, and hailed the driver of an automobile which was proceeding north along the highway, with the view of riding back to a filling station; that the driver stopped the automobile on the east side of the roadway, at a distance of two or three feet from the extreme edge, where there was a ditch, and that he (plaintiff) passed over the roadway to the right side of the automobile and was preparing to get into the car when he heard the noise of an approaching motor-truck, and that, glancing back towards the south, he observed the motor-truck of defendant a short distance to the rear of the automobile, advancing at an excessive rate of speed, with the driver looking back, talking to some one in the truck; that, apprehending the truck would collide with the automobile, he moved to and around the rear of the automobile and attempted to pass to the west of the road, and was hit by the motor-truck as it swerved and passed to the west of the automobile, with the result that plaintiff sustained serious injuries.

Defendant admitted that plaintiff had been hit by the truck, but denied any liability, or that the truck was driven at an excessive rate of speed, or that the driver was guilty of any negligence, and alleged that the accident was due solely to the fault of plaintiff in attempting to pass in front of the truck; and on trial, plaintiff's demands being rejected, he appeals.

Appellant urges that the evidence established that in attempting to pass in front of the moving truck he was acting in an emergency which was created by the negligence of the driver of the truck, and that defendant was liable for the consequences, and, further, in event it should be held that the driver of the truck was not negligent, or that plaintiff was not placed in an apparent perilous position by the action of the driver of the truck, that the driver of the truck had the last clear chance to avoid the accident.

The evidence does not establish that the truck was driven at an excessive rate of speed, or that it approached the automobile at such speed and to within such distance, before it was turned to pass, as to cause any alarm if the driver of the truck was aware of the position of the automobile and was observing the way. It was conclusively established that the driver of the truck was aware of the position of the automobile, the evidence showing that he observed the automobile when it came on the road and when it stopped; and, while the statements of plaintiff and the driver of the truck, relative to whether the latter was maintaining a lookout as the truck approached the automobile, were in conflict, the truck did not collide with the automobile, and it is not suggested that the collision of the vehicles was avoided by any warning from plaintiff, or in the attempt of the driver of the truck to avoid colliding with plaintiff. While we think that plaintiff was alarmed and that in attempting to pass in front of the moving truck he acted on the assumption that he was in peril, the evidence does not establish that he was in peril, or that the assumption was based on any action of the driver of the truck, and, unless it may be said that the truck driver had the last

clear chance to avoid the accident, defendant is not liable.

Plaintiff's petition as well as the evidence shows that he acted immediately on his apprehension of danger, and, although the evidence indicates that the driver of the truck did not see plaintiff until the moment of collision, it does not show that the collision could have been avoided, even though the driver of the truck had realized that plaintiff was alarmed, and we do not think that the facts show the driver of the truck had the last clear chance.

The judgment is therefore affirmed.